IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02238-BNB

JAVIER PENA, #112712 Re:2012SC202/10CA2098,

    Applicant,

v.

COLORADO ADAMS COUNTY, 2008CR2832 (CDOC), and
JOHN D. SEIDEL, Attorney General of the State of Colorado,

    Respondent.

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

    Applicant, Javier Pena, has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Adams County District Court case number 08CR2832.  The court must construe the application liberally because Mr. Pena is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Pena will be ordered to file an amended pleading if he wishes to pursue any claims in this action.

    The court has reviewed the application and finds that it is deficient.  First, the law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian.  *See* 28 U.S.C. § 2242; Rules 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995).  It appears that Applicant is incarcerated at a prison within the Buena Vista Correctional Complex.  Therefore, Mr. Pena should name as a Respondent the

warden of the facility in which he is incarcerated.

More importantly, the court also finds that the application is deficient because Mr. Pena fails to provide a clear statement of the claims he is asserting in this action. In particular, Mr. Pena fails to identify the specific claims for relief he is asserting and he fails to provide specific factual allegations in support of his claims. Therefore, in order to avoid any confusion regarding his claims in this action, Mr. Pena will be directed to file an amended pleading. Mr. Pena is not required to include legal argument in support of his claims. Instead, Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts require that Mr. Pena "specify all [available] grounds for relief" and "state the facts supporting each ground." Mr. Pena is advised that these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Finally, the Court notes that Mr. Pena asks to have counsel appointed to represent him in this action. That request will be denied as premature. "In most federal courts, it is the practice to appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hearing." ***Johnson***

***v. Avery***, 393 U.S. 483, 487 (1969).   The court cannot make such a determination until Mr. Pena identifies the claims he is asserting and provides specific factual allegations in support of those claims.   Accordingly, it is

ORDERED that Mr. Pena file an amended application that complies with this order **within thirty (30) days from the date of this order**.   It is

FURTHER ORDERED that Mr. Pena shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at [www.cod.uscourts.gov](www.cod.uscourts.gov).   It is

FURTHER ORDERED that if Mr. Pena fails to file an amended application that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED at Denver, Colorado, on August 24, 2012.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge
